**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 25, 2014

LETTER TO COUNSEL

      RE:    *Cora Jones v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-608

Dear Counsel:

      On March 4, 2014, Plaintiff Cora Jones petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the opinion of the Administrative Law Judge, and remand the case for further consideration. This letter explains my rationale.

      Ms. Jones filed a claim for Supplemental Security Income on January 26, 2010. (Tr. 174–180). She initially alleged a disability onset date of June 1, 2005, which was later amended to January 26, 2010. (Tr. 174, 38). Her claims were denied initially and on reconsideration. (Tr. 71–74, 80–81). A hearing was held on October 25, 2012, before an Administrative Law Judge ("ALJ").[1] (Tr. 28–68). Following the hearing, the ALJ determined that Ms. Jones was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10–17). The Appeals Council denied Ms. Jones's request for review, (Tr. 1–4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Jones suffered from the severe impairment of degenerative disc disease. (Tr. 12). Despite this impairment, the ALJ determined that Ms. Jones retained the residual functional capacity ("RFC") to: "perform light work as defined in 20 CFR 416.967(b) except she requires an option to sit or stand at will; she can perform postural activities no more than occasionally; she can never climb ladders, ropes and scaffolds; and she is limited to unskilled work." (Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jones could perform jobs existing in significant numbers in the national economy and that therefore she was not disabled. (Tr. 16–17).

---

[1] An initial hearing was held on June 12, 2012. However, her hearing was continued because two years of treatment records from her primary care physician were missing from the record.

*Cora Jones v. Commissioner, Social Security Administration*
Civil No. SAG-14-608
November 25, 2014
Page 2

Ms. Jones raises two primary arguments on appeal: (1) that the ALJ erred in addressing whether she met Listing 1.04; and (2) that the ALJ did not adequately address whether her mental impairments resulted in functional limitations. Because I agree that the ALJ's assessment of Ms. Jones's mental impairments was inadequate, I remand for further analysis. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Jones is not entitled to benefits was correct or incorrect.

Ms. Jones argues that the ALJ erred in evaluating her mental impairments at Step Two. Pl.'s Mem. 12–14. Because the ALJ found that Ms. Jones suffered from another severe impairment, however, any error in the ALJ's evaluation of her mental impairments at Step Two was harmless. *See Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987) (upholding Step Two as a threshold determination). However, the ALJ's analysis of her mental impairments was deficient at Step Four of the sequential evaluation. In assessing a claimant's RFC, an ALJ must consider all of a claimant's impairments, including impairments that are not severe. 20 C.F.R. 416.495(a)(2). Moreover, an ALJ must consider all of the medical opinions in a claimant's case record. See 20 C.F.R. 416.927. In this case, at Step Four, the ALJ considered only whether Ms. Jones suffered functional limitations resulting from her severe physical impairment. (Tr. 14–16). The ALJ failed to discuss, anywhere in his opinion, the two mental RFC assessments opining that Ms. Jones suffers from moderate limitations relating to her ability to sustain concentration and pace and her ability to adapt. (Tr. 489–90, 678–79). Both State agency consultants opined that Ms. Jones "is likely to function best with routine tasks that can be completed at her own pace." (Tr. 491, 680). The ALJ did not include such restrictions in the RFC assessment, and did not explain why he rejected their inclusion. Because the ALJ's assessment of Ms. Jones's mental impairments did not accord with proper legal standards, remand is appropriate

Ms. Jones's second argument is that the ALJ did not adequately evaluate Dr. Kiran's opinion because the ALJ (1) only mentioned the part of Dr. Kiran's opinion supporting his assessment, (2) ignored Dr. Kiran's opinions about Ms. Jones's limited ability to sit and stand, and (3) failed to make an assignment of weight to any part of the opinion. Pl.'s Mem. 9–10. Ms. Jones argues that, had the ALJ properly evaluated the medical opinion evidence, the ALJ would have determined that she met Listing 1.04, Disorders of the Spine. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Part A § 1.04. I am not persuaded that the evidence cited by Ms. Jones undermines the ALJ's determination that her impairment did not meet Listing 1.04. However, I agree that the ALJ's evaluation of the medical opinions concerning Ms. Jones's physical impairment was cursory at best, and may have been deficient enough to evade substantial evidence review, at worst. *See Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling."). The ALJ did not address the opinion of Dr. Kiran, Ms. Jones's treating physician, that Ms. Jones was limited to one hour per workday of walking and standing, nor did he assign any weight to Dr. Kiran's opinion. (Tr. 15–16, 770). The ALJ's evaluation of the medical opinion evidence generally fell short of the method set forth in the Social Security Regulations. *See* 20 C.F.R. 416.927. Although the ALJ's error might not, standing alone, warrant remand, on remand, the ALJ should evaluate more thoroughly all of the opinion evidence on the record.

*Cora Jones v. Commissioner, Social Security Administration*
Civil No. SAG-14-608
November 25, 2014
Page 3

    For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 17, 19) are DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                  Sincerely yours,

                                  /s/

                                Stephanie A. Gallagher
                                United States Magistrate Judge